United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.162.78.213,<br><br>Defendant. | Case No. 3:23-cv-02526-LB<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA**<br><br>Re: ECF No. 9 |

**INTRODUCTION**

The plaintiff Strike 3 Holdings owns the copyrights for several adult motion pictures.[1] It alleges that someone — the Doe defendant here — who uses the IP address 73.162.78.213 infringed on those copyrights.[2] Despite its own efforts, Strike 3 has not been able to identify the individual associated with that IP address.[3] Strike 3 now asks the court to let it serve a subpoena on non-party Comcast Cable, the Doe defendant's internet-service provider (ISP), to learn the Doe

---

[1] Appl. – ECF No. 9 at 9. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Compl. – ECF No. 1 at 2 (¶¶ 4–5).

[3] Appl. – ECF No. 9 at 18.

1   defendant's identity.[4] Because Strike 3 has demonstrated that good cause exists to allow it to serve

2   a subpoena, the court grants the motion.

3

4                                          **STATEMENT**

5       Strike 3 is the owner of several adult motion pictures distributed through its adult brands

6   *Blacked*, *Tushy*, *Tushy Raw*, *Vixen*, *Blacked Raw*, and *Slayed*.[5] The motion pictures are registered

7   with the United States Copyright Office.[6]

8       The Doe defendant, who uses the Comcast Cable-provided IP address 73.162.78.213, used the

9   file distribution network known as "BitTorrent" to illegally download and distribute Strike 3's

10  copyrighted movies.[7] Through geolocation technology, Strike 3 has traced each download made to

11  the Doe defendant's IP address to a physical address in the Northern District of California.[8] Using

12  a proprietary infringement detection system called "VXN Scan," Strike 3 established direct

13  "TCP/IP" connections with the defendant's IP address while the defendant was using BitTorrent.[9]

14  VXN Scan downloaded media files containing a digital copy of Strike 3's copyrighted movies

15  from the defendant.[10] The "Info Hash" — the data that BitTorrent protocol uses to identify media

16  files across the BitTorrent network — confirmed that the files that VXN Scan downloaded were

17  downloaded from the defendant.[11] The defendant "has been recorded infringing 25 movies over an

18  extended period of time."[12] Strike 3 did not give the defendant authorization to distribute its

19

20

21

22  [4] *See generally* Appl. – ECF No. 9.

23  [5] Compl. – ECF No. 1 at 1–2 (¶¶ 2–3).

    [6] *Id.* at 6 (¶ 46).

24  [7] *Id.* at 2 (¶¶ 4–5).

25  [8] *Id.* (¶ 9).

26  [9] *Id.* at 5 (¶¶ 28–30).

    [10] *Id.* (¶¶ 31–35).

27  [11] *Id.* at 6 (¶ 36).

28  [12] *Id.* at 2 (¶ 4).

United States District Court
Northern District of California

1  copyrighted movies.[13] Strike 3 alleges that Comcast Cable can identify the defendant through his
2  or her IP address.[14]

3      On May 23, 2023, Strike 3 filed a complaint against the Doe defendant alleging one claim for
4  copyright infringement under the Copyright Act.[15] On June 15, 2023, Strike 3 filed an ex parte
5  application asking the court to allow it to serve Comcast Cable with a subpoena under Federal
6  Rule of Civil Procedure 45.[16] Strike 3 says that the subpoena will be limited to the name and
7  address of the individual/ individuals associated with the Doe defendant's IP address.[17]

8

9                                **GOVERNING LAW**

10     A court may authorize early discovery before the Rule 26(f) conference for the parties' and
11  witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the
12  Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery.
13  *See*, *e.g.*, *IO Grp., Inc. v. Does 1–65*, No. 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct.
14  15, 2010); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002);
15  *Tex. Guaranteed Student Loan Corp. v. Dhindsa*, No. 1:10-cv-00335-LJO-SKO, 2010 WL
16  2353520, at *2 (E.D. Cal. June 9, 2010); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202
17  F.R.D. 612, 613–14 (D. Ariz. 2001) (collecting cases and standards). "Good cause may be found
18  where the need for expedited discovery, in consideration of the administration of justice,
19  outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

20     In evaluating whether a plaintiff establishes good cause to learn the identity of a Doe
21  defendant through early discovery, courts examine whether the plaintiff: (1) identifies the Doe
22  defendant with sufficient specificity that the court can determine that the defendant is a real person
23  who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant,

24
_____
25  [13] *Id.* at 6 (¶ 44).
26  [14] *Id.* at 2 (¶ 5).
    [15] *Id.* at 6–7 (¶¶ 48–52).
27  [16] Appl. – ECF No. 9 at 10.
28  [17] *Id.*

United States District Court
Northern District of California

(3) demonstrates that the action can withstand a motion to dismiss, and (4) shows that the discovery is reasonably likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999) (citations omitted). "[W]here the identity of alleged defendants [is not] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

## ANALYSIS

### 1. Strike 3 Establishes Good Cause for Early Discovery

Strike 3 has made a sufficient showing under each of the four *seescandy* factors listed above to establish good cause to permit it to engage in early discovery to identify the Doe defendant.

First, Strike 3 has identified the Doe defendant with sufficient specificity that the court can determine that he or she is a real person who can be sued in federal court. It alleges that the Doe defendant downloaded Strike 3's copyrighted adult motion pictures and distributed them over the BitTorrent network.[18] To download the movie, the Doe defendant had to direct his or her BitTorrent client to download the media file.[19] These facts indicate that the Doe defendant is an identifiable adult who likely is the primary subscriber of the IP address or someone who resides with and is known to the subscriber. Strike 3 also has traced each download made to the Doe defendant's IP address to the Northern District of California, thus giving the court jurisdiction over the defendant and Strike 3's federal claim.[20]

Second, Strike 3 has recounted the steps taken to locate and identify the Doe defendant. The Doe defendant downloaded and distributed Strike 3's movies through his or her IP address, and

---

[18] Compl. – ECF No. 1 at 2 (¶ 4).

[19] Appl. – ECF No. 9 at 16.

[20] Compl. – ECF No. 1 at 2–3 (¶¶ 8–11).

United States District Court
Northern District of California

his or her IP address was traced to this district.[21] The IP address is not sufficient for Strike 3 to identify the Doe defendant.[22]

Third, Strike 3 has demonstrated that its copyright claim could withstand a motion to dismiss. A plaintiff "must satisfy two requirements to present a prima facie case of direct infringement: (1) [he or she] must show ownership of the allegedly infringed material and (2) [he or she] must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007); *see* 17 U.S.C. § 501(a). Under Section 106, a copyright holder has the exclusive rights to reproduce, distribute, publicly display, perform, and create derivative works of the copyrighted work. Direct copyright infringement does not require intent or any particular state of mind. *Fox Broad. Co. v. Dish Network, LLC*, 905 F. Supp. 2d 1088, 1098–99 (C.D. Cal. 2012); *Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1367 (N.D. Cal. 1995). Strike 3 alleges that it holds the copyrights for the adult motion pictures that the Doe defendant downloaded (and thus copied) and distributed the movies without its permission.[23] Strike 3 has sufficiently alleged a prima facie claim for copyright infringement.

Fourth, Strike 3 has shown that the discovery it seeks is reasonably likely to lead to identifying information that will permit service of process on the Doe defendant. Strike 3 alleges that the Doe Defendant's ISP, Comcast Cable, can identify the Doe defendant through his or her IP address.[24]

## 2.  Protective Order

"[U]nder Rule 26(c), the Court may *sua sponte* grant a protective order for good cause shown." *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). The court issues the limited protective order described below because the ISP subscriber may be an innocent third party and the subject matter of the suit deals with sensitive and personal matters.

---

[21] Compl. – ECF No. 1 at 2 (¶¶ 9–10).

[22] Appl. – ECF No. 9 at 14.

[23] Compl. – ECF No. 1 at 6 (¶¶ 44, 46).

[24] *Id.* at 2 (¶ 5).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Here, as has been discussed by other courts in this district, the ISP subscribers may not be the

2    individuals who infringed upon Strike 3's copyright. *See, e.g.*, *Pac. Century Int'l Ltd. v. Does 1–*

3    *101*, No. C-11-02533 (DMR), 2011 WL 5117424, at *2 (N.D. Cal. Oct. 27, 2011); *see also IO*

4    *Grp., Inc. v. Does 1–19*, No. C 10-03851 SI, 2011 WL 772909, at *1 (N.D. Cal. Mar. 1, 2011)

5    (granting the plaintiff additional time to identify and serve the true defendant where a subscriber

6    asserted that he did not infringe plaintiff's work, suggesting that someone else used his IP address

7    to infringe the plaintiff's work, and the plaintiff claimed that it needed to take third-party

8    discovery from the subscriber to try to identify who actually used the subscriber's IP address to

9    allegedly infringe the plaintiff's work).

10    Additionally, requests for pseudonymity have been granted when anonymity is necessary to

11    preserve privacy in a matter of a sensitive and highly personal nature. *See Does I Thru XXIII v.*

12    *Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). An allegation that an individual

13    illegally downloaded adult motion pictures likely goes to matters of a sensitive and highly

14    personal nature, including one's sexuality.

15    Accordingly, the court issues a protective order to the limited extent that any information

16    regarding the Doe defendant released to Strike 3 by the ISP will be treated as confidential for a

17    limited duration. *See IO Grp., Inc. v. Does 1–19*, No. C 10-03851 SI, 2010 WL 5071605, at *2

18    (N.D. Cal. Dec. 7, 2010). Specifically, Strike 3 must not publicly disclose that information until

19    the Doe defendant has the opportunity to file a motion with this court to be allowed to proceed in

20    this litigation anonymously and that motion is ruled on by the court. *Id.* If the Doe defendant fails

21    to file a motion for leave to proceed anonymously within 30 days after his or her information is

22    disclosed to Strike 3's counsel, this limited protective order will expire. *Id.* Given the potential

23    embarrassment associated with being publicly accused of having illegally downloaded adult

24    motion pictures, if the Doe defendant includes identifying information within his or her request to

25    proceed anonymously, the court finds good cause to order the papers filed under seal until the

26    court has the opportunity to rule on the request. *See id.* at *3 (permitting party to file under seal a

27    declaration with identifying information). If the Doe defendant includes identifying information

28    with his or her request to proceed anonymously and the request is placed under seal, the court will

1    direct the Doe defendant to submit a copy of the under-seal request to Strike 3 and will ensure that
2    Strike 3 has time to respond.

3

4                                              **CONCLUSION**

5        The court **GRANTS** Strike 3's Ex Parte Motion for Expedited Discovery with respect to
6    JOHN DOE subscriber assigned IP address 73.162.78.213 as follows.

7        1.  **IT IS HEREBY ORDERED** that Strike 3 Holding may immediately serve a Rule 45
8    subpoena on Comcast Cable to obtain the Doe defendant's true name and addresses. The subpoena
9    must have a copy of this order attached.

10       2.  **IT IS FURTHER ORDERED** that the ISP will have <u>30 days</u> from the date of service
11   upon them to serve the Doe defendant with a copy of the subpoena and a copy of this order. The
12   ISP may serve the Doe defendant using any reasonable means, including written notice sent to his
13   or her last known address, transmitted either by first-class mail or via overnight service.

14       3.  **IT IS FURTHER ORDERED** that the Doe defendant will have <u>30 days</u> from the date of
15   service upon him or her to file any motions contesting the subpoena (including a motion to quash
16   or modify the subpoena) with the court that issued the subpoena. If that 30-day period lapses
17   without the Doe defendant contesting the subpoena, the ISP will have <u>10 days</u> to produce the
18   information responsive to the subpoena to Strike 3.

19       4. **IT IS FURTHER ORDERED** that the subpoenaed entity must preserve any subpoenaed
20   information pending the resolution of any timely-filed motion to quash.

21       5. **IT IS FURTHER ORDERED** that the ISP that receives a subpoena pursuant to this order
22   must confer with Strike 3 and may not assess any charge in advance of providing the information
23   requested in the subpoena. The ISP that receives a subpoena and elects to charge for the costs of
24   production must provide a billing summary and cost reports that serve as a basis for such billing
25   summary and any costs claimed by the ISP.

26       6. **IT IS FURTHER ORDERED** that Strike 3 must serve a copy of this order along with any
27   subpoenas issued pursuant to this order to the necessary entities.

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7. **IT IS FURTHER ORDERED** that any information disclosed to Strike 3 in response to a Rule 45 subpoena may be used by Strike 3 solely for the purpose of protecting Strike 3's rights as set forth in its complaint.

**IT IS SO ORDERED.**

Dated: June 20, 2023

_____

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California